REED E. SCHAPER (SBN 082792)
rschaper@hkemploymentlaw.com
KIRSTIN E. MULLER (SBN 186373)
kmuller@hkemploymentlaw.com
ALISON M. HAMER (SBN 258281)
ahamer@hkemploymentlaw.com
BENJAMIN J. TREGER (SBN 285283)
btreger@hkemploymentlaw.com
HIRSCHFELD KRAEMER LLP
233 Wilshire Boulevard, Suite 600
Santa Monica, CA 90401
Telephone: (310) 255-0705
Facsimile: (310) 255-0986

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC.,
SHERATON OPERATING
CORPORATION, and STARWOOD
HOTELS & RESORTS WORLDWIDE,
LLC (erroneously sued as STARWOOD
HOTELS & RESORTS WORLDWIDE,
INC.)

# UNITED STATES DISTRICT COURT OF CALIFORNIA

# FOR THE CENTRAL DISTRICT, SOUTHERN DIVISION

| | |
|---|---|
| EMMA HART, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>MARRIOTT INTERNATIONAL INC., SHERATON OPERATING CORPORATION, ST. REGIS MONARCH BEACH, STARWOOD HOTELS & RESORTS WORLDWIDE, INC., and DOES 1-100, inclusive,<br><br>Defendants. | Case No.<br><br>[Orange County Superior Court Case No. 30-2017-00949432-CU-OE-CXC]<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (a)(b); 28 U.S.C. § 1332**<br><br>Complaint Filed: October 11, 2017 |

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE THAT pursuant to 28 U.S.C. Sections 1441(a), (b) and 1446, Defendants MARRIOTT INTERNATIONAL, INC. ("Marriott") and

NOTICE OF REMOVAL                                                                                       4832-7518-3189

SHERATON OPERATING CORPORATION ("Sheraton") (collectively "Defendants")[1] hereby remove the above-entitled action from the Superior Court of California in and for the County of Orange to the United States District Court for the Central District of California, Southern Division.

This Court has original jurisdiction over this action under 28 U.S.C. Section 1332 because this action involves citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## I. TIMELINESS OF REMOVAL

On or about October 11, 2017, Plaintiff Emma Hart ("Plaintiff"), individually and on behalf of a class of similarly situated individuals commenced this action in state court by filing a complaint ("Complaint") entitled *Emma Hart v. Marriott International Inc., Sheraton Operating Corporation, St. Regis Monarch Beach, Starwood Hotels & Resorts Worldwide, Inc., and Does 1-100, inclusive*, Case No. 30-2017-00949432-CU-OE-CXC. The Complaint alleges the following four purported causes of action: (1) Unfair Competition; (2) Breach of Contract; (3) Meal Break Violation; and (4) Rest Break Violation. [True and correct copies of the Summons and Complaint are collectively attached to the concurrently filed Declaration of Benjamin J. Treger ("Treger Decl.") as **Exhibit A**.]

Plaintiff personally served Marriott with the Summons and Complaint on October 18, 2017 and Sheraton on October 19, 2017. [See Treger Decl., ¶ 3, **Exhibit B**.] This Notice of Removal, filed on November 17, 2017, within thirty (30) days of Marriott and Sheraton's receipt of Plaintiff's Complaint, is timely filed pursuant to 28 U.S.C. Section 1446(b).

---

[1] Defendant "St. Regis Monarch Beach" is not a legal entity, but rather the former name of a hotel located at 1 Monarch Beach Resort in Dana Point, California. [Declaration of Michael Spiegeland ("Spiegeland Decl.") In Support of Removal filed concurrently herewith ¶ 8.] Additionally, Starwood Hotels & Resorts Worldwide, Inc. has been reorganized as Starwood Hotels & Resorts Worldwide, LLC. [Spiegeland Decl. ¶¶ 3-5, 8.] Starwood Hotels & Resorts Worldwide, LLC has not yet been served.

2
NOTICE OF REMOVAL

## II. VENUE

Venue lies in the Central District pursuant to 28 U.S.C. Sections 1441(a) and 1446(a). This action was originally brought in the Superior Court of the State of California, County of Orange.

## III. GROUNDS FOR REMOVAL ON THE BASIS OF DIVERSITY

This is a civil action over which this Court has original jurisdiction, and one which Defendants may remove pursuant to the provisions of 28 U.S.C. Sections 1332(a) and 1441(b) to this Court, in that the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states as described further below.

### A. Plaintiff's Citizenship.

As alleged in the Complaint, "Plaintiff is a resident of Orange County," in the State of California. [Treger Decl., ¶ 2, **Exhibit A** (Complaint at ¶¶ 4, and 14).] For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *State Farm Mutual Auto Ins. Co. v. Dyer*, 19 F. 3d 514, 520 (l0th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

### B. Defendants' Citizenship

The defendants in this action are Marriott International, Inc., Sheraton Operation Corporation, and Starwood Hotels & Resorts Worldwide, Inc. (now known as Starwood Hotels & Resorts Worldwide, LLC).[2] Under 28 U.S.C. Section 1332(c)(1), a corporation is deemed a citizen of "any State by which it has been incorporated and of the State where it has its principal place of business." The term "principal place of business" in the federal diversity jurisdiction statute refers to the "nerve center" of the corporation, which has been defined as "the place where a

---

[2] *See* fn. 1, *supra*.

NOTICE OF REMOVAL

corporation's officers direct, control, and coordinate the corporation's activities . . . [which] in practice . . . should normally be the place where the corporation maintains its headquarters - - provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 78 (2010). Additionally, the citizenship of a limited liability corporation ("LLC") is the citizenship of the LLC's members. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

### 1. Marriott International, Inc.

Marriott is a corporation organized under the laws of the State of Delaware. [Spiegeland Decl. ¶ 2.] At the time of the filing of the Complaint in this case and as of today, Marriott's activities have been directed, controlled and coordinated from Maryland. [*Id.*] Thus, Marriott's "principal place of business" is in Maryland. As a result, Marriott is a citizen of Delaware and Maryland.

### 2. Starwood Hotels & Resorts Worldwide, LLC

On September 23, 2016, Starwood Hotels & Resorts Worldwide, Inc. converted into Starwood Hotels & Resorts Worldwide, LLC. [Spiegeland Decl. ¶ 3.] Starwood Hotels & Resorts Worldwide, LLC has one member: Mars Merger Sub, LLC. Starwood is a limited liability company that is organized under the laws of the State of Maryland. [Spiegeland Decl. ¶ 4.] Mars Merger Sub, LLC is a limited liability company that is organized under the laws of Delaware. [Spiegeland Decl. ¶ 5.] Starwood and Mars Merger Sub, LLC both have their activities directed, controlled and coordinated from 10440 Fernwood Boulevard, in the State of Maryland. [Spiegeland Decl. ¶ 6.] As a result, Defendant Starwood is a citizen of Maryland and Delaware.

### 3. Sheraton Operating Corporation

Sheraton is a corporation organized under the laws of the State of Delaware. [Spiegeland Decl. ¶ 7.] At the time of the filing of the Complaint in this case and as

of today, Sheraton's activities have been directed, controlled and coordinated from Maryland. [*Id.*] Thus, Sheraton's "principal place of business" is in Maryland. As a result, Marriott is a citizen of Delaware and Maryland. [*Id.*]

### 4. St. Regis Monarch Beach is Not a Legally Existent Entity

As set forth above, St. Regis Monarch Beach is not a legally existent entity. [Spiegeland Decl. ¶ 8.] Rather, it is the former name of the hotel at which Plaintiff worked, but not a legal entity that may be sued by law. [*Id.*] Accordingly, St. Regis Monarch Beach has no "citizenship" for diversity purposes, and is at best fictitious. *See, e.g.,* 28 U.S.C. § 1441(a). For that reason, the Court need not consider St. Regis Monarch Beach to determine whether diversity jurisdiction exists.

### 5. Doe Defendants

Although Plaintiff has also named fictitious defendants "DOES 1-100," "[f]or purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a); *see also Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of "Doe" defendants does not deprive the Court of jurisdiction.

## C. The Amount In Controversy "More Likely Than Not" Exceeds $75,000

Under 28 U.S.C. Section 1332(a), federal district courts have diversity jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of costs and interest. Where it is "unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled," the Court must determine whether it is "more likely than not" that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corporation*, 506 F.3d 696, 699-701 (9th Cir. 2007). Here, the amount in controversy exceeds $75,000.

### 1. Plaintiff's Alleged Damages Exceed $75,000

On September 5, 2017, Plaintiff's counsel Theodore Tang sent a demand letter cataloging the damages Plaintiff alleges she has suffered, as well as attorneys' fees. Specifically, these damages total $84,045.00. [Treger Decl., ¶ 5, **Exhibit C.**] "If damages are not clearly specified in the pleadings, the court may rely upon a variety of documents, including written settlement demands." *Arellano v. Home Depot, U.S.A, Inc.*, 245 F. Supp. 2d 1102, 1108 (S.D. Cal. 2003). In *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002), the Ninth Circuit held that removal was proper because the amount in controversy exceeded the requisite $75,000 based solely upon a settlement letter drafted by the plaintiff demanding $100,000. *Id.* at 839-40; *see also Del Real v. Healthsouth Corp.*, 171 F. Supp. 2d 1041, 1043 (D. Ariz. 2001) ("[M]any courts have ruled that even if initial pleadings in a case do not support the amount in controversy requirement for diversity jurisdiction, defendants may use a variety of documents, including a written settlement demand, as 'other paper,' to determine if the case is removable.").

Although Plaintiff's Complaint does not allege all of the claims identified in her demand letter, the amount in controversy with respect to the claims she asserted exceeds $75,000. Specifically, Plaintiff is seeking $7,687.50 in alleged meal break violations, $7,687.50 in alleged rest break violations, and $59,280.00 in alleged unpaid wages, plus $5,000.00 in attorneys' fees, which totals $79,655.00. [Treger Decl., ¶ 5, **Exhibit C.**]

### 2. The Alleged Joint Interest Damages Also Exceed $75,000

For removal purposes, aggregation is permitted when a "common and undivided" interest among the members of a putative class can be shown, meaning that all co-parties have a joint interest in a common fund that is in controversy. *Travelers Property Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012) (citing *Snyder v. Harris*, 394 U.S. 332, 335 (1969)); *Berman v. Narragansett Racing Ass'n*, 414 F.2d 311, 316 (1st Cir. 1969) (aggregation permitted where the named

representative is suing to obtain or preserve a "common trust fund" on behalf of all members of the class.

Here, Plaintiff alleges joint interest damages far exceeding $75,000. In the Complaint, Plaintiff alleges that she and the putative class members "are entitled to restitution of the portion of these gratuities that they did not receive." [Treger Decl., ¶ 2, **Exhibit A** (Complaint ¶ 24).] The September 5, 2017 demand letter alleges this underpayment to be $59,280.00 with respect to Plaintiff Emma Hart alone. The Complaint further alleges that the putative class size would be "at least 60." [Treger Decl., ¶ 2, **Exhibit A** (Complaint ¶ 15.a.).] Logically, based on Plaintiff's allegations, and limited to the purposes of this Notice of Removal only,[3] Plaintiff's gratuity claim far exceeds $75,000. Lastly, the Ninth Circuit has affirmed removal where the District Court "conservative[ly]" estimated attorney's fees to be 12.5% of the actual damages sought. *Id.* Accordingly, based on examining only the alleged joint interest damages from service charges/tips, the amount in controversy far exceeds $75,000.

## IV. <u>CONCLUSION</u>

Based on the foregoing, this Court has jurisdiction over this action under the provisions of 28 U.S.C. Section 1332, in that this action involves a controversy which exceeds the value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. Accordingly, this action is properly removed to this Court pursuant to the provisions of 28 U.S.C. Sections 1441 and 1446.

//

//

//

---

[3] Assuming *arguendo* that Plaintiff is able to certify the class, which Defendants deny Plaintiff will be able to do, Defendants deny that Plaintiff and Class Members are owed any monies for service charges or tips.

## V. NOTICE TO STATE COURT

A true and correct copy of this Notice of Removal will be served on the Plaintiff and filed with the Clerk of the Superior Court of the State of California, County of Los Angeles, as required by law.

Dated: November 17, 2017

HIRSCHFELD KRAEMER LLP

By: /s/ Kirstin E. Muller
Reed E. Schaper
Kirstin E. Muller
Alison M. Hamer
Benjamin J. Treger

Attorneys for Defendants
MARRIOTT INTERNATIONAL, INC., SHERATON OPERATING CORPORATION, and STARWOOD HOTELS & RESORTS WORLDWIDE, LLC (erroneously sued as STARWOOD HOTELS & RESORTS WORLDWIDE, INC.)

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 233 Wilshire Boulevard, Suite 600, Santa Monica, California 90401. On November 17, 2017, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL TO FEDERAL COURT UNDER 28 U.S.C. § 1441 (A)(B); 28 U.S.C. § 1332**

[x] by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Santa Monica, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ] by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below. I am readily familiar with the business practice of my place of employment with respect to the collection and processing of correspondence, pleadings and notices for hand delivery. On November 17, 2017, I caused to be served via messenger the above-listed documents.

[ ] by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

[ ] by placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

| | |
|---|---|
| Theodore Tang, Esq.<br>Adam Rose, Esq.<br>Robert Starr, Esq.<br>FRONTIER LAW CENTER<br>23901 Calabasas Road, #2074<br>Calabasas, CA 91302<br>Telephone: (818) 914-3433<br>Facsimile: (818) 914-3433<br>Email: theodore@frontierlawcenter.com<br>       adam@frontierlawcenter.com<br>       robert@frontierlawcenter.com | Shannon Liss-Riordan, Esq.<br>Matthew Carlson, Esq.<br>Lichten & Liss-Riordan<br>466 Geary Street, #201<br>San Francisco, CA 94102<br>Telephone: (415) 630-2651<br>Email: sliss@llrlaw.com<br>      mcarlson@llrlaw.com<br><br>Attorneys for Plaintiff Emma Hart, individually and on behalf of a class of similarly situated individuals |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that I am employed by an officer of a member of the bar of this Court at whose direction the service was made. Executed on November 17, 2017, at Santa Monica, California.

_____
Robbin DeRuisé