Theodore Tang (313294)
theodore@frontierlawcenter.com
Adam Rose (210880)
adam@frontierlawcenter.com
Robert Starr (183052)
robert@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Shannon Liss-Riordan (310719)
sliss@llrlaw.com
Matthew Carlson (273242)
mcarlson@llrlaw.com
Lichten & Liss-Riordan
466 Geary Street, #201
San Francisco, CA 94102
Telephone: (415) 630-2651

Attorneys for Plaintiff
Emma Hart, individually and on behalf of a
class of similarly situated individuals

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**10/11/2017** at 08:41:18 PM
Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

| | |
|---|---|
| EMMA HART, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT INTERNATIONAL INC., SHERATON OPERATING CORPORATION, ST. REGIS MONARCH BEACH, STARWOOD HOTELS & RESORTS WORLDWIDE, INC., and DOES 1 to 100,<br><br>Defendants. | CASE NO. 30-2017-00949432-CU-OE-CXC<br>Judge Kim G. Dunning<br><br>CLASS ACTION COMPLAINT<br><br>1. UNFAIR COMPETITION<br>2. BREACH OF CONTRACT<br>3. MEAL BREAK VIOLATION<br>4. REST BREAK VIOLATION<br><br>CX-104 |

Plaintiff Emma Hart ("Plaintiff"), individually and on behalf of a class of similarly situated individuals, alleges as follows:

# INTRODUCTION

1. This is a class action, pursuant to Code of Civil Procedure section 382, on behalf of Plaintiff and all individuals who work or worked as spa personnel for Defendants within California during the last four years.

2. For at least four years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to pay Plaintiff and the Class Members all gratuities left for Plaintiff and other Class Members. The spa personnel are entitled to such payments, as gratuities are the property of Plaintiff and the Class Members for whom they are left, pursuant to Labor Code section 351.

3. For at least four years prior to the filing of this action and continuing to the present, Defendants had a consistent policy of requiring spa personnel employed within the State of California, including Plaintiff, to work five hours without an uninterrupted meal period of at least thirty (30) minutes and failing to pay such employees one additional hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or provided after five hours, as required by California law. Moreover, Defendants routinely refuse to furnish spa employees with rest breaks of ten minutes for each four-hour period worked and Defendants fail and refuse to pay each employee one additional hour of pay at the employee's regular rate of pay for each workday that a rest break was not provided.

# PARTIES

4. Plaintiff is a resident of Orange County.

5. As spa personnel, Plaintiff and the Class were regularly required to:

   (1) Work more than five hours per day without being provided a meal period of at least thirty minutes, and work without being compensated one additional hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided after five hours.

   (2) Work more than four hours each day without being provided a statutorily prescribed rest break and work without being compensated one additional hour of pay at the

-2-
CLASS ACTION COMPLAINT

employee's regular rate of compensation for each workday that a rest period was not provided.

6. Defendants regularly withheld from Plaintiff and the Class Members part or all of gratuities left by customers for spa employees for services rendered.

7. Defendant Marriot International, Inc. is a Delaware corporation with a primary place of business in Bethesda, Maryland and has sufficient minimum contacts with California

8. Sheraton Operating Corporation is a Delaware corporation with a primary place of business in Bethesda, Maryland and has sufficient minimum contacts with California.

9. St. Regis Monarch Beach is a business entity of unknown type, located at 1 Monarch Beach Resort, Dana Point, California 92629, in the county of Orange.

10. Starwood Hotels & Resorts Worldwide, Inc. is a Maryland corporation and has sufficient minimum contacts with California.

11. Plaintiff does not know the true names and capacities of Does 1 to 100 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Code of Civil Procedure section 474 to allege the true names and capacities when ascertained.

12. Plaintiff is informed and believes that each of the defendants was the agent or employee of the other defendants and acted in the scope of agency or employment.

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on her behalf, and on behalf of the class of all persons similarly situated.

14. The class is defined as follows: All persons who are employed or have been employed by Defendants within the State of California as spa personnel from four years prior to the filing of this action up to and including the entry of an appropriate class certification order or judgment, whichever is earlier.

15. This action is maintainable by Plaintiff as a class action under section 382 of the Code of Civil Procedure because the questions of law and fact common to the Class Members predominate over any questions affecting individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy. There is a well-defined

-3-
CLASS ACTION COMPLAINT

community of interest in the litigation and the Class is easily ascertainable.

  a. <u>Numerosity</u>: The potential members of the Class as defined are so numerous that the individual joinder of all members is impractical under the circumstances of this case. Although the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that during the relevant time period Defendant employed at least 60 spa personnel within the State of California in the last four years.

  b. <u>Commonality</u>: The common questions are such that proof of a statement of facts common to the members of the Class will entitle each member of the Class to the relief requested in this Complaint. There are questions of law and fact presented herein which are common to the entire Class of persons represented by Plaintiff, and which predominate over any individual issues, including, but not limited to:

  (i) Whether Defendants failed to furnish meal and rest periods to Class Members in violation of California law, and whether Defendants unlawfully failed to pay Class Members one hour of wages for each shift in which a meal period was not provided and each shift in which a rest period was not provided;

  (ii) Whether Defendants unlawfully withheld gratuities, or any parts of them, left by patrons for Class Members in violation of Labor Code § 351;

  (iii) Whether Defendants breached a contract with regard to providing Plaintiff and the Class Members with gratuities that Defendants informed patrons would be paid to spa employees;

  (iv) Whether Defendants violated Business and Professions Code § 17200 et seq. by engaging in the acts previously alleged; and

  (v) Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to Business and Professions Code § 17200 et seq.

  c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class Members. Plaintiff and the members of the Class sustained damages arising out of Defendant's common practices set forth above. Plaintiff and the Class Members performed the same

duties and had the same responsibilities.

    d.    <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member. Plaintiff has no interests that are adverse to the interests of the other Class Members. Counsel representing Plaintiff is competent and experienced in litigating wage and hour and employment class actions.

    e.    <u>Superiority</u>: Class action adjudication is superior to the other available methods because a class action will achieve economics of time, effort and expense as compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class.

## FIRST CAUSE OF ACTION
## UNFAIR COMPETITION
### Against All Defendants

36.    Plaintiff incorporates by reference the above paragraphs of the complaint.

37.    Defendants' conduct described above constitutes unfair competition, including not paying all premium pay owed and withholding gratuities from Class Members, in violation of the provisions of Business & Professions Code section 17200, et seq. The conduct is also unfair competition since Labor Code section 351 provides that no employer shall collect, take, or receive any gratuity that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, and that every gratuity is declared to be the sole property of the employee or employees to whom it was paid, given, or left for, and this statute was violated with respect to Plaintiff and the Class Members.

38.    Therefore, Plaintiff demands restitution of all sums due and owing to her and the Class. Plaintiff also demands injunctive relief to prevent the continuing violations of the wage and hour violations identified in this Complaint.

///

///

///

-5-
CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### Against All Defendants

16. Plaintiff hereby incorporates by reference and re-alleges as if fully stated herein the preceding allegations of the complaint.

17. Plaintiff and the Class Members worked for hourly wages, commissions, and tips.

18. Defendants have a practice of imposing a service charge on its customers, which is essentially mandatory tipping.

19. Defendants' customers understood that the service charges were gratuities, and in fact Defendants indicated to customers that these amounts would be paid to spa employees, who are the Class Members.

20. Defendants do not remit these gratuities in full to Plaintiff and the Class. Instead, Defendants have retained a large portion of the charge, and has remitted only a portion of the gratuities to Plaintiff and the Class in violation of Labor Code section 351.

21. Pursuant to Civil Code section 1559, Plaintiff and the Class Members were third party beneficiaries of the contract between Defendants and spa customers.

22. Plaintiff and the Class were the intended beneficiaries of the contracts between Defendants and the spa customers, in which Defendants promised customers that they would pay service charges which would be remitted to the spa employees; however, Plaintiff and the Class Members did not receive the full amount of these service charges.

23. Rather, Defendants converted portions of the mandatory gratuity for themselves.

24. Thus, Plaintiff and the Class Members are entitled to restitution of the portion of these gratuities that they did not receive.

## THIRD CAUSE OF ACTION
## MEAL BREAK VIOLATION
### Against All Defendants

25. Plaintiff hereby incorporates by reference and re-alleges as if fully stated herein the

preceding allegations of the complaint.

26. During all times relevant herein, Defendants unlawfully required Plaintiff and the Class Members to work for more than five hours without providing a meal period of at least thirty minutes, in violation of Labor Code sections 226.7 and 512.

27. Therefore, Plaintiff and each Class Member are entitled to relief provided by Labor Code section 226.7 in the amount equal to an additional one (1) hour of pay at his or her regular rate of compensation for each day that a meal period was not provided ("Premium Pay").

## FOURTH CAUSE OF ACTION
## REST BREAK VIOLATION
### Against All Defendants

28. Plaintiff hereby incorporates by reference and re-alleges as if fully stated herein the preceding allegations of the complaint.

29. IWC Wage Order 2 and Labor Code section 226.7 were applicable to Plaintiff and the Class Members.

30. Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

31. IWC Wage Order 2 provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof" unless the total daily work time is less than three and one-half hours.

32. During the relevant time period, Defendants willfully required Plaintiff and the Class Members to work four or more hours without authorizing or permitting a ten-minute rest period per each four-hour period worked.

33. During the relevant time period, Defendants failed to pay Plaintiff and the Class Members the full rest period premium due pursuant to Labor Code section 226.7.

34. Defendants' conduct violated IWC Wage Order 2 and Labor Code section 226.7.

CLASS ACTION COMPLAINT

35. Pursuant to IWC Wage Order 2 and Labor Code section 226.7(b), Plaintiff and the Class Members are entitled to recover from Defendants one additional hour of pay at his or her regular hourly rate of compensation for each work day that any rest period was not provided.

## **RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, individually and on behalf of a Class of similarly situated persons, demand judgment against Defendants, and each of them, as hereinafter set forth:

1. For an order certifying this action as a class action and appointing Plaintiff's counsel as Counsel for the Class and Plaintiff as the Class Representative;

2. For payment of all premium pay that is owed;

3. For restitution of all wages and sums owed to Plaintiff and the Class and for any unlawfully deductions from compensation otherwise payable to Plaintiff and the Class Members;

4. An order enjoining Defendant and its agents, servants, and employees, and all persons acting under or in concert with them, from failing to provide Plaintiff and the Class with proper, meal periods and rest periods in violation of Labor Code sections 226.7, 512, and IWC Wage Order 2 and from failing to furnish all gratuities to Plaintiff and the Class Members;

5. Restitution of wrongfully withheld tips and gratuities;

6. For pre-judgment interest at the rate of ten percent per annum;

7. For statutory attorneys' fees and costs, including but not limited to Labor Code section 218.5 and Code of Civil Procedure section 1021.5, or pursuant to the Common Fund Theory of Recovery;

8. For costs of suit; and

9. For any other and further relief the court deems just and proper.

Date: October 10, 2017                      FRONTIER LAW CENTER

_____
Adam Rose
Attorney for Plaintiff
Emma Hart, et al.

-8-
CLASS ACTION COMPLAINT

| | | CM-010 |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Adam Rose (210880)<br>Frontier Law Center<br>23901 Calabasas Rd., #2074<br>Calabasas, CA 91302<br>TELEPHONE NO.: (818) 914-3433   FAX NO.: (818) 914-3433<br>ATTORNEY FOR (Name): Plaintiff Emma Hart | | FOR COURT USE ONLY<br><br>ELECTRONICALLY FILED<br>Superior Court of California,<br>County of Orange<br><br>10/11/2017 at 08:41:18 PM<br><br>Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange<br>STREET ADDRESS: 700 Civic Center Dr.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Ana 92701<br>BRANCH NAME: Central Justice Center | | |
| CASE NAME:<br>Hart v. Marriott | | |
| CIVIL CASE COVER SHEET<br>✓ Unlimited    ☐ Limited<br>(Amount          (Amount<br>demanded       demanded is<br>exceeds $25,000) $25,000 or less) | Complex Case Designation<br>☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2017-00949432-CU-OE-CXC<br>JUDGE: Judge Kim G. Dunning<br>DEPT: CX-104 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)

   **Employment**
   ☐ Wrongful termination (36)
   ✓ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)

   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)

   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)

   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition (not specified above) (43)

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action (specify): 4
5. This case ✓ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 11, 2017
Adam Rose
(TYPE OR PRINT NAME)                       ▶ /s/ Adam Rose
                                             (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

OCT 1 8 2017