Theodore Tang (313294)
theodore@frontierlawcenter.com
Adam Rose (210880)
adam@frontierlawcenter.com
Robert Starr (183052)
robert@frontierlawcenter.com
FRONTIER LAW CENTER
23901 Calabasas Road, #2074
Calabasas, CA 91302
Telephone: (818) 914-3433
Facsimile: (818) 914-3433

Shannon Liss-Riordan (310719)
sliss@llrlaw.com
Matthew Carlson (273242)
mcarlson@llrlaw.com
Lichten & Liss-Riordan
466 Geary Street, #201
San Francisco, CA 94102
Telephone: (415) 630-2651

Attorneys for Plaintiff
Emma Hart, individually and on behalf of a
class of similarly situated individuals

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMMA HART, individually and on behalf of a class of similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>STARWOOD HOTELS AND RESORTS, LLC, SHERATON OPERATING CORPORATION, and DOES 1 to 10,<br><br>Defendants. | CASE NO. 8:17-cv-2021-JVS-KES<br><br>FIRST AMENDED CLASS ACTION COMPLAINT<br><br>1. UNFAIR COMPETITION<br>2. BREACH OF CONTRACT<br>3. MEAL BREAK VIOLATION<br>4. REST BREAK VIOLATION<br><br>DEMAND FOR JURY TRIAL |

-1-
FIRST AMENDED COMPLAINT

Pursuant to Local Rule 8-1, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## INTRODUCTION

1. This is a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of Plaintiff and all individuals who work or worked as spa personnel for Defendants Sheraton Operating Corporation and Starwood Hotels & Resorts Worldwide, LLC (formerly Starwood Hotels & Resorts Worldwide, Inc.) at the St. Regis Monarch Beach Resort & Spa, located at 1 Monarch Beach Resort N, Dana Point, CA 92629 during the last four years.

2. For at least four years prior to the filing of this action and continuing to the present, Defendants have had a consistent policy of failing to pay Plaintiff and the Class Members all gratuities left for Plaintiff and other Class Members. The spa personnel are entitled to such payments, as gratuities are the property of Plaintiff and the Class Members for whom they are left, pursuant to Cal. Lab. Code, § 351.

3. For at least four years prior to the filing of this action and continuing to the present, Defendants had a consistent policy of requiring spa personnel employed within the State of California, including Plaintiff, to work five hours without an uninterrupted meal period of at least thirty (30) minutes and failing to pay such employees one additional hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided, or provided after five hours, as required by California law. Moreover, Defendants routinely refuse to furnish spa employees with rest breaks of ten minutes for each four-hour period worked and Defendants fail and refuse to pay each employee one additional hour of pay at the employee's regular rate of pay for each workday that a rest break was not provided.

## PARTIES

4. Plaintiff is a resident of Orange County.

5. As spa personnel, Plaintiff and the Class were regularly required to:

    (1) Work more than five hours per day without being provided a meal

-2-
FIRST AMENDED COMPLAINT

period of at least thirty minutes, and work without being compensated one additional hour of pay at the employee's regular rate of compensation for each workday that a meal period was not provided after five hours.

   (2) Work more than four hours each day without being provided a statutorily prescribed rest break and work without being compensated one additional hour of pay at the employee's regular rate of compensation for each workday that a rest period was not provided.

 6. Defendants regularly withheld from Plaintiff and the Class Members part or all of gratuities left by customers for spa employees for services rendered.

 7. Sheraton Operating Corporation is a Delaware corporation with a primary place of business in Bethesda, Maryland, has sufficient minimum contacts with California, and was the employer of Plaintiff and the class members.

 8. Starwood Hotels & Resorts Worldwide, LLC (formerly Starwood Hotels & Resorts Worldwide, Inc.) is a limited liability company that is organized under the laws of the State of Maryland and has sufficient minimum contacts with California. It has one member, Mars Merger Sub, LLC, which is a limited liability company that is organized under the laws of Delaware, and employed Plaintiff and the class members.

 9. Plaintiff does not know the true names and capacities of Does 1 to 10 and therefore uses fictitious names. Plaintiff will amend the complaint pursuant to Federal Rule of Civil Procedure 15 to allege the true names and capacities when ascertained.

 10. Plaintiff is informed and believes that each of the defendants was the agent or employee of the other defendants and acted in the scope of agency or employment.

## CLASS ACTION ALLEGATIONS

 11. The class is defined as follows: All persons who are employed or have been employed by Defendants at the St. Regis Monarch Beach Resort & Spa as spa

-3-
FIRST AMENDED COMPLAINT

personnel from four years prior to the filing of this action up to and including the entry of preliminary approval or judgment, whichever is earlier.

12. This action is maintainable by Plaintiff as a class action because the questions of law and fact common to the Class Members predominate over any questions affecting individual members and, on balance, a class action is superior to other methods available for adjudicating the controversy. There is a well-defined community of interest in the litigation and the Class is easily ascertainable. Also, pursuant to L.R. 23-2.1, this case is proceeding under Rule 23(b)(3) since questions of law and fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

    a. <u>Numerosity</u>: The potential members of the Class as defined are so numerous that the individual joinder of all members is impractical under the circumstances of this case. Although the exact number of Class Members is unknown to Plaintiff at this time, Plaintiff is informed and believes and thereon alleges that during the relevant time period Defendant employed at least 60 spa personnel within the State of California in the last four years.

    b. <u>Commonality</u>: The common questions are such that proof of a statement of facts common to the members of the Class will entitle each member of the Class to the relief requested in this Complaint. There are questions of law and fact presented herein which are common to the entire Class of persons represented by Plaintiff, and which predominate over any individual issues, including, but not limited to:

    (i) Whether Defendants failed to furnish meal and rest periods to Class Members in violation of California law, and whether Defendants unlawfully failed to pay Class Members one hour of wages for each shift in which a meal period was not provided and each shift in which a rest period was not provided;

  (ii) Whether Defendants unlawfully withheld gratuities, or any parts of them, left by patrons for Class Members in violation of Labor Code § 351;

  (iii) Whether Defendants breached a contract with regard to providing Plaintiff and the Class Members with gratuities that Defendants informed patrons would be paid to spa employees;

  (iv) Whether Defendants violated Business and Professions Code § 17200 et seq. by engaging in the acts previously alleged; and

  (v) Whether Plaintiff and the Class Members are entitled to equitable relief pursuant to Business and Professions Code § 17200 et seq.

 c. <u>Typicality</u>: Plaintiff's claims are typical of the claims of the Class Members.  Plaintiff and the members of the Class sustained damages arising out of Defendant's common practices set forth above. Plaintiff and the Class Members performed the same duties and had the same responsibilities.

 d. <u>Adequacy</u>: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member. Plaintiff has no interests that are averse to the interests of the other Class Members. Counsel representing Plaintiff is competent and experienced in litigating wage and hour and employment class actions.

 e. <u>Superiority</u>: Class action adjudication is superior to the other available methods because a class action will achieve economics of time, effort and expense as compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner for the entire Class.

## FIRST CAUSE OF ACTION
## UNFAIR COMPETITION
### Against All Defendants

13. Plaintiff incorporates by reference the above paragraphs of the complaint.

14. Defendants' conduct described above constitutes unfair competition, including not paying all premium pay owed and withholding gratuities from Class Members, in violation of the provisions of Business & Professions Code section 17200, et seq. The conduct is also unfair competition since Labor Code section 351 provides that no employer shall collect, take, or receive any gratuity that is paid, given to, or left for an employee by a patron, or deduct any amount from wages due an employee on account of a gratuity, and that every gratuity is declared to be the sole property of the employee or employees to whom it was paid, given, or left for, and this statute was violated with respect to Plaintiff and the Class Members.

15. Therefore, Plaintiff demands restitution of all sums due and owing to her and the Class. Plaintiff also demands injunctive relief to prevent the continuing violations of the wage and hour violations identified in this Complaint.

## SECOND CAUSE OF ACTION
## BREACH OF CONTRACT
### Against All Defendants

16. Plaintiff hereby incorporates by reference and re-alleges as if fully stated herein the preceding allegations of the complaint.

17. Plaintiff and the Class Members worked for hourly wages, commissions, and tips.

18. Defendants have a practice of imposing a contractual service charge on its customers, which is essentially mandatory tipping.

19. Defendants' customers understood that the service charges were gratuities, and in fact Defendants indicated to customers that these amounts would be paid to spa employees, who are Plaintiff and the Class Members.

20. Defendants did not remit these gratuities in full to Plaintiff and the Class. Instead, Defendants retained a large portion of the charge, and remitted only a portion of the gratuities to Plaintiff and the Class in violation of Labor Code section 351.

-6-
FIRST AMENDED COMPLAINT

1  21.   Pursuant to Civil Code section 1559, Plaintiff and the Class Members
2  were third party beneficiaries of the contract between Defendants and spa customers.
3  Where one party contracts with another to do an act for the benefit of a third person,
4  that person may enforce the contract. *Prouty v. Gores Technology Group*, 121
5  Cal.App.4th, 1225 (2004).

6  22.   Thus, Plaintiff and the Class were the intended beneficiaries of the
7  contracts between Defendants and the spa customers, in which Defendants promised
8  customers that they would pay service charges which would be remitted to the spa
9  employees; however, Plaintiff and the Class Members did not receive the full amount
10 of these service charges.

11 23.   Rather, Defendants converted portions of the mandatory gratuity for
12 themselves.

13 24.   Thus, Plaintiff and the Class Members are entitled to restitution of the
14 portion of these gratuities that they did not receive.

## THIRD CAUSE OF ACTION
## MEAL BREAK VIOLATION
### Against All Defendants

19 25.   Plaintiff hereby incorporates by reference and re-alleges as if fully
20 stated herein the preceding allegations of the complaint.

21 26.   During all times relevant herein, Defendants unlawfully required
22 Plaintiff and the Class Members to work for more than five hours without providing
23 a meal period of at least thirty minutes, in violation of Labor Code sections 226.7 and
24 512.

25 27.   Therefore, Plaintiff and each Class Member are entitled to relief
26 provided by Labor Code section 226.7 in the amount equal to an additional one (1)
27 hour of pay at his or her regular rate of compensation for each day that a meal period
28 was not provided ("Premium Pay").

# FOURTH CAUSE OF ACTION
# REST BREAK VIOLATION
### Against All Defendants

28. Plaintiff hereby incorporates by reference and re-alleges as if fully stated herein the preceding allegations of the complaint.

29. IWC Wage Order 2 and Labor Code section 226.7 were applicable to Plaintiff and the Class Members.

30. Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the IWC.

31. IWC Wage Order 2 provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten minutes net rest time per four hours or major fraction thereof" unless the total daily work time is less than three and one-half hours.

32. During the relevant time period, Defendants willfully required Plaintiff and the Class Members to work four or more hours without authorizing or permitting a ten-minute rest period per each four-hour period worked.

33. During the relevant time period, Defendants failed to pay Plaintiff and the Class Members the full rest period premium due pursuant to Labor Code section 226.7.

34. Defendants' conduct violated IWC Wage Order 2 and Labor Code section 226.7.

35. Pursuant to IWC Wage Order 2 and Labor Code section 226.7(b), Plaintiff and the Class Members are entitled to recover from Defendants one additional hour of pay at his or her regular hourly rate of compensation for each work day that any rest period was not provided.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff, individually and on behalf of a Class of similarly situated persons, demand judgment against Defendants, and each of them, as hereinafter set forth:

1. For an order certifying this action as a class action and appointing Plaintiff's counsel as Counsel for the Class and Plaintiff as the Class Representative;

2. For payment of all premium pay that is owed;

3. For restitution of all wages and sums owed to Plaintiff and the Class and for any unlawfully deductions from compensation otherwise payable to Plaintiff and the Class Members;

4. An order enjoining Defendant and its agents, servants, and employees, and all persons acting under or in concert with them, from failing to provide Plaintiff and the Class with proper, meal periods and rest periods in violation of Labor Code sections 226.7, 512, and IWC Wage Order 2 and from failing to furnish all gratuities to Plaintiff and the Class Members;

5. Restitution of wrongfully withheld tips and gratuities;

6. For pre-judgment interest at the rate of ten percent per annum;

7. For statutory attorneys' fees and costs, including but not limited to Labor Code section 218.5, Civil Code section 3336, and Code of Civil Procedure section 1021.5, or pursuant to the Common Fund Theory of Recovery;

8. For costs of suit; and

9. For any other relief the court deems just and proper.

Date: December 27, 2017            FRONTIER LAW CENTER


                                    /s/ Adam Rose
                                    Attorney for Plaintiff
                                    Emma Hart

-9-
FIRST AMENDED COMPLAINT

**DEMAND FOR JURY TRIAL**

Plaintiff requests a jury trial.

Date: December 27, 2017      FRONTIER LAW CENTER

/s/ Adam Rose
Attorney for Plaintiff
Emma Hart