# Exhibit 1

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

## CLASS ACTION SETTLEMENT AGREEMENT
## AND GENERAL RELEASE

This Class Action Settlement Agreement and Release of Claims ("Settlement" or "Settlement Agreement") is made and entered into by and between Plaintiff Emma Hart ("Plaintiff"), on behalf of herself and the Class described herein, and Defendants Starwood Hotels & Resorts Worldwide, LLC, formerly known as Starwood Hotels & Resorts Worldwide, Inc., and Sheraton Operating Corporation and their past and present parents, subsidiaries and affiliates ("Defendants") (Plaintiff and Defendants are collectively referred to as "the Parties"). All capitalized terms shall have the meanings ascribed to them above and in the Definitions section of this Settlement Agreement.

### RECITALS

1.       On October 11, 2017, Plaintiff filed a putative class action lawsuit entitled *Emma Hart v. Marriott International Inc., Sheraton Operating Corporation, St. Regis Monarch Beach, Starwood Hotels & Resorts Worldwide, Inc., and Does 1 to 100*, Case No. 30-2017-00949432-CU-OE-CXC, in the Superior Court of California for the County of Orange. Plaintiff raised claims on behalf of herself and other similarly situated individuals regarding Defendants' practices relating to the collection and distribution of service charges, meal breaks, and rest breaks. Plaintiff alleged that Defendants violated the California Labor Code, California Industrial Commission Wage Orders, and California Business and Professions Code Section 17200, and committed breach of contract in connection with collecting service charges from customers. The lawsuit referred to herein shall be referred to as the "Action." On November 17, 2017, the Action was removed to United States District Court for the Central District of California, Southern Division, Case No. 8:17-cv-02021-JVS-KES.

1

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

2.     Plaintiff filed a First Amended Complaint on December 27, 2017.  Plaintiff filed a Second Amended Complaint on September 5, 2018 adding all claims, damages, and penalties arising from allegations of off the clock work, including failure to pay minimum and overtime wages and failure to pay all wages owed upon termination pursuant to Labor Code section 203.

3.     The Parties attended mediation with Lisa Klerman, Esq. on June 13, 2018.  The Parties reached an agreement in principle to settle and fully and finally resolve all claims as to Plaintiff and all Settlement Class Members in the Action.

4.     Prior to and following the mediation, the Parties engaged in an informal exchange of documents and information relating to Plaintiff's individual and class claims.

5.     Based on the data produced pursuant to informal discovery and Plaintiff's counsel's or Class Counsel's  own independent investigation and evaluation, Class Counsel believes that the Settlement with Defendants on the terms set forth in this Settlement Agreement are fair, reasonable, and adequate and are in the best interest of the Class in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation, various defenses asserted by Defendants, and numerous potential appellate issues.

6.     Defendants deny any liability or wrongdoing of any kind associated with the claims alleged in the Action, and further deny that the claims in the Action are appropriate for class treatment for any purpose other than this Settlement.

7.     Plaintiff, on behalf of herself and the Settlement Class, along with Defendants, and subject to the approval of the Court, stipulate that the Action will be compromised and settled pursuant to the terms and conditions set forth in this Settlement Agreement and that after the date of the Court's final approval of this Settlement Agreement, judgment shall be entered, subject to the continuing jurisdiction of the Court, as set forth below:

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

## DEFINITIONS

The following definitions are applicable to this Settlement Agreement. Definitions contained elsewhere in this Settlement Agreement also shall be effective.

8.      "Action" means *Emma Hart v. Marriott International Inc., Sheraton Operating Corporation, St. Regis Monarch Beach, Starwood Hotels & Resorts Worldwide, Inc., and Does 1 to 100*, Case No. 30-2017-00949432-CU-OE-CXC, filed on October 11, 2017, in the Superior Court of County of Orange and removed on November 17, 2017, to USDC-Central District Southern Division, Case No. 8:17-cv-02021-JVS-KES, and as amended.

9.      "Class Counsel" means attorneys Shannon Liss-Riordan of Lichten & Liss-Riordan and attorneys Robert Starr and Adam Rose of Frontier Law Center, all of whom also serve as counsel to the Settlement Class Members.

10.      "Class Counsel Award" means attorneys' fees agreed upon by the Parties and approved by the Court for Class Counsel's litigation and resolution of the Action, and all costs incurred and to be incurred by Class Counsel in the Action and approved by the Court, including, but not limited to, costs associated with documenting the Settlement, securing the Court's approval of the Settlement, and obtaining entry of the Final Judgment.

11.      "Class Information" means a list of Settlement Class Members that Defendants will diligently and in good faith compile from its records and provide to the Claims Administrator within fifteen (15) business days after preliminary approval of this Settlement. The Class Information shall be formatted in Microsoft Office Excel and shall include each Settlement Class Member's full name; last known mailing address and telephone number; Social Security number; dates of employment with any defendant in a non-exempt position in Spa

3

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Gaucin during the Settlement Period; job title; data showing the total amount of service charges received during the Settlement Period for each Settlement Class Member; and data showing the total amount of hours worked by each Settlement Class Member during the Settlement Period. The Class Information is confidential and not to be disclosed to Plaintiff or Class Counsel or any person acting on their behalf, other than the Claims Administrator. To the extent Class Counsel requires the contact information of any Settlement Class Member who is disputing the information contained in the Notice, such information shall be provided by Defendants' counsel as reasonably required.

12.     "Settlement Class Members" or "Class" refers to a class to be certified for settlement purposes only, which is defined as and consists of the following: all non-exempt persons employed by any defendant at the St. Regis Monarch Beach in Spa Gaucin at any time between October 11, 2013 and February 29, 2016, which is the date Defendants stopped operating Spa Gaucin. The Class shall be an opt-out class.

13.     "Class Representative" means Plaintiff Emma Hart.

14.     "Class Representative Enhancement Payment" means the amount to be paid to the Class Representative, subject to Court approval, in recognition of her effort and work in prosecuting the Action on behalf of the Class and in exchange for a general release.

15.     "Effective Date" means: (A) thirty-five (35) days after Final Approval is ordered if no appeal of said order is filed within that 35-day period or (B) upon the final disposition of any appeal that has the effect of affirming the Final Approval order in its entirety. If the Court does not approve the Settlement, or if the Order of Final Approval is reversed on appeal, then there shall be no Effective Date and this Settlement shall become null and void.

4

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

16.     "Final Judgment" means the Judgment and Order of Final Approval by which the Court finally approves this Settlement.

17.     "Gross Fund Value" means the maximum gross settlement amount of One Hundred and Eighty-Five Thousand Dollars ($185,000) from which will be paid Individual Settlement Payments to Participating Settlement Class Members, the Class Representative Enhancement Payment, all Claims Administration Costs to the Claims Administrator, and the Class Counsel Award of attorneys' fees and costs.  The Gross Fund Value is the maximum amount Defendants shall be required to pay under this Settlement Agreement, with the only exception being the employer's share of applicable payroll taxes.

18.     "Individual Settlement Payment" means each Participating Settlement Class Member's share of the Net Fund Value approved by the Court.

19.     "Net Fund Value" means the Gross Fund Value minus the Court approved Class Representative Enhancement Payment, the Court approved Claims Administration Costs to the Claims Administrator, and the Court approved Class Counsel Award of attorneys' fees and costs. The Net Fund Value is the amount from which Individual Settlement Payments are made to Participating Settlement Class Members.

20.     "Notice" means the Notice of Class Action Settlement, in a form substantially similar to the forms attached hereto as Exhibit A, and which the Court orders to be sent by the Claims Administrator to all Settlement Class Members via regular First Class U.S. Mail.

21.     "Payment Ratio" means, for purposes of the estimated Individual Settlement Payments to be included in the Notice, for all Settlement Class Members, 21% of the Net Fund will be distributed in proportion to the amount of hours each Settlement Class Member worked during the Settlement Period; and for the Settlement Class Members who received service

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

charges during the Settlement Period, 79% of the Net Fund Value will be distributed in proportion to the amount of service charges they received during the Settlement Period.

22.     "Participating Settlement Class" and "Participating Settlement Class Members" means all Settlement Class Members who do not submit a timely Request for Exclusion pursuant to this Settlement.

23.     "Preliminary Approval" means the Order by which the Court grants preliminary approval of this Settlement Agreement.

24.     "Released Claims" means any and all claims and damages arising from or relating to Defendants' alleged failure to provide meal breaks; alleged failure to provide rest breaks; charging, collecting, retaining, distributing, and/or payment of any tips, gratuities, and/or service charges relating to services at Spa Gaucin; alleged off the clock work, at any time between October 11, 2013 through February 29, 2016, including, without limitation, claims for failure to provide meal periods under Cal. Labor Code Sections 226.7 and 512, and IWC Wage Order No. 5, Section 11; failure to provide rest periods under Cal. Labor Code Section 226.7 and IWC Wage Order No. 5, Section 12; failure to pay regular and overtime wages under Cal. Labor Code Sections 204, 510, and 1198; failure to pay final wages timely under Cal. Labor Code Sections 201, 202 and 203; unfair and unlawful business competition under Cal. Bus. & Prof. Code Section 17200 *et seq.*; breach of contract; and any claims for wages, damages, premium pay, penalties, interest, and/or attorneys' fees and costs under any other federal or state statute, wage order, or common law arising from or based upon the allegations in the operative complaint.

25.     "Releasing Parties" means the Class Representative on her own behalf and as the representative of all Settlement Class Members, and all Settlement Class Members except those who submit a timely, properly completed Request for Exclusion, and all persons purporting to

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

act on their behalf or purporting to assert a claim under or through them, including, but not limited to, their dependents, heirs and assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, and successors-in-interest, whether individual, class, representative, legal, equitable, direct or indirect, or any other type or in any other capacity.

26.    "Released Parties" means Starwood Hotels & Resorts Worldwide, LLC (formerly known as Starwood Hotels & Resorts Worldwide, Inc.), its parent Marriott International, Inc., Sheraton Operating Corporation, KSL Capital Partners, LLC, KSL Capital Partners III GP, LLC, KSL Capital Partners III, L.P., KSL Capital Partners III FF, L.P., KSL Capital Partners III TE, KSL Advisors, LLC, L.P., Monroe MBR TE-A (Alternative), L.P., Monroe MBR Resort Investment, LLC, MBR Holdings Trust, MBR Mezzanine Holdings, LLC, MBR Mezzanine Investment, LLC, Monroe MBR, LLC, MBR Operating Co., Inc., Monarch Bay Club, MBR Asset Company, LLC, WHSF Nevada, LLC, and WH MBR, LLC, and any of their respective past, present, and future parents, affiliates, subsidiaries, joint venturers, divisions, predecessors, successors, and assigns, and each of their past, present and future officers, directors, board members, trustees, shareholders, owners, managers, employees, agents, attorneys, auditors, accountants, experts, contractors, stockholders, representatives, partners, insurers, reinsurers, and other persons acting on their behalf (each in their individual and corporate capacities).

27.    "Request for Exclusion" means a timely and properly written request for exclusion by a Settlement Class Member, which unambiguously indicates a request to be excluded from the Settlement and which must also: (a) set forth the name, address, telephone number, and last four digits of the Social Security Number of the person requesting exclusion; (b) be signed by the Settlement Class Member requesting exclusion; (c) be addressed to the

7

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Claims Administrator at the specified address indicated in the Notice; and (d) be post marked on or before the Response Deadline.

28.     "Response Deadline" means the deadline by which Settlement Class Members must postmark or fax to the Claims Administrator a Request for Exclusion or an Objection to the Settlement.  The Response Deadline shall be forty-five (45) calendar days from the initial mailing of the Notice by the Claims Administrator, unless the forty-fifth day falls on a Sunday or Federal holiday, in which case the Response Deadline will be extended to the next day on which the U.S. Postal Service is open.

29.     "Settlement" or "Settlement Agreement" means this Class Action Settlement Agreement and Release of Claims, which is made and entered into by and between Plaintiff, and on behalf of herself and the Settlement Class Members, and Defendants.

30.     "Claims Administrator" means CPT Group.  The Parties each represent that they do not have any financial interest in the Claims Administrator or otherwise have a relationship with the Claims Administrator that could create a conflict of interest.

31.     "Claims Administration Costs" means the cost payable from the Gross Fund Value to the Claims Administrator for administering this Settlement. "Settlement Period" means the period from October 11, 2013 through February 29, 2016.

## TERMS OF AGREEMENT

Plaintiff, on behalf of herself and Settlement Class Members, and Defendants agree as follows, subject to the Court entering Final Judgment and the occurrence of the Effective Date:

### Funding and Allocation of the Gross Fund Value

32.     Funding the Gross Fund Value.  Defendants agree to fund the Gross Fund Value within fifteen (15) business days of the Effective Date or as otherwise directed by the Court.

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Within fifteen (15) business days of the Effective Date, Defendants shall wire to the Claims Administrator the Gross Fund Value, except that if the fifteenth day falls on a Sunday or holiday, Defendants shall have until the next business day to fund the Settlement. The Parties agree that the employer's share of applicable payroll taxes shall not be paid from the Gross Fund Value and shall be paid by Defendants from separate funds.

33.     Payment of Class Counsel Award. The Class Counsel Award of fees and costs shall be paid from the Gross Fund Value. Defendants agree not to oppose or impede any application or motion by Class Counsel for a Class Counsel Award of $61,666.67 (or one-third of the Gross Fund Value) in attorneys' fees, as well as actual costs incurred in an amount not to exceed $12,000, which amount shall include any and all costs and expenses associated with Class Counsel's litigation and settlement of this Action. To the extent that the Court approves less than the amount of attorneys' fees and costs that Class Counsel requests, the difference between the requested and awarded amounts will be added to the Net Fund Value and distributed to the Participating Settlement Class Members on a proportional basis relative to the size of their Individual Settlement Payments, in accordance with administration and distribution requirements hereunder. The Class Counsel Award shall be distributed to Class Counsel as follows: One half to Frontier Law Center, and the other half to Lichten & Liss-Riordan.

In accordance with the foregoing distribution, the Claims Administrator shall pay the Court approved Class Counsel Award from the Gross Fund Value within ten (10) business days of the date of receipt of the Gross Fund Value. Class Counsel shall be solely and legally responsible to pay all applicable taxes on the payments made pursuant to this paragraph. The appropriate 1099 tax forms shall be provided by the Claims Administrator to Class Counsel for the payments made pursuant to this paragraph.

9

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

34.    <u>Class Representative Enhancement Payment</u>.  In recognition of her effort, work, and risk in prosecuting the Action on behalf of Settlement Class Members, and in exchange for an individual general release, Defendants agree not to oppose or impede any application or motion by Plaintiff for a Class Representative Enhancement Payment of $7,500, subject to Court approval and the Court finally approving this Settlement Agreement following entering Final Judgment and the occurrence of the Effective Date approving this Settlement Agreement.  The Class Representative Enhancement Payment shall be paid from the Gross Fund Value.  The Class Representative Enhancement Payment shall be in addition to the Plaintiff's Individual Settlement Payments paid pursuant to the Settlement.  The Class Representative shall not be eligible for a Class Representative Enhancement Payment if she opts out of the Class. Defendants will not oppose or object to the request by the Class Representative for the Class Representative Enhancement Payment if the request is for an amount not exceeding the amount identified in this paragraph.  To the extent that the Court approves less than the amount of Class Representative Enhancement Payment requested, the difference between the requested and awarded amounts will be added to the Net Fund Value and will be distributed to the Participating Settlement Class Members on a proportional basis relative to the size of their Individual Settlement Payments, in accordance with administration and distribution requirements hereunder.  The Claims Administrator shall release to Plaintiff the Court-approved Class Representative Enhancement Payment collected from Defendants within ten (10) business days of payment of Gross Fund Value to the Claims Administrator by Defendants.  Plaintiff shall be solely and legally responsible to pay any and all applicable taxes on the Class Representative Enhancement Payment.  The Claims Administrator shall issue to Plaintiff the appropriate 1099 tax forms for the Class Representative Enhancement Award.

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

35.    <u>Claims Administration Costs</u>.  The Claims Administration Costs shall not exceed $10,000.  To the extent the actual costs of administration of the Settlement are less than the amount anticipated by the Settlement Agreement, the remainder shall become part of the Net Fund Value.  The Claims Administration Costs shall include the cost of printing, distributing (including with appropriate postage), and tracking documents for this Settlement, any searches to locate any Settlement Class Members, calculating estimated amounts per Settlement Class Member, notifying the Class of the Settlement, distributing the required payments to the Class, Plaintiff and Class Counsel, establishing and administering a Qualified Settlement Fund, required tax reporting and payment to the taxing authorities on the Individual Settlement Payments, the issuing of 1099 and W-2 IRS Forms, determining the validity of any disputes (and communicating the determination of those disputes to Class Counsel and Defendants' Counsel) and opt-outs, distributing and redistributing the portions of the Net Fund Value as provided for herein, providing necessary certification of completion of notice, reports and declarations, and such other responsibilities and duties as reasonably and customarily performed by third-party settlement administrators or as requested by the Parties.  The Claim Administrator shall pay itself its actual expenses as provided for in this Settlement Agreement and approved by the Court, from the Gross Fund Value.  The Claims Administrator shall agree, as a condition of this Agreement, to indemnify Defendants for any penalties assessed by the taxing authorities or other government authorities as a result of a failure by the Claims Administrator to properly carry out its duties set forth herein.

36.    <u>Net Fund Value</u>.  After deducting the Class Counsel Award, the Class Representative Enhancement Payment, and all Claims Administration Costs, the remaining Net

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Fund Value shall be awarded to all Participating Settlement Class Members, using the

methodology set forth herein and as approved by the Court.

37.     Calculation of Individual Settlement Payments.  Using the Class Information, the

Claims Administrator will calculate the Individual Settlement Payments for all Participating

Settlement Class Members as follows: for all Settlement Class Members, 21% of the Net Fund

Value will be distributed in proportion to the amount of hours each Settlement Class Member

worked during the Settlement Period; and for the Settlement Class Members who received

service charges during the Settlement Period, the remainder of the Net Fund Value, 79% of the

Net Fund Value, will be distributed in proportion to the amount of service charges they received

during the Settlement Period.  Each Individual Settlement Payment will be reduced by any

legally mandated employee tax withholdings (*e.g.*, employee payroll taxes, etc.) for each

Participating Settlement Class Member.

38.     Voided Settlement Checks.  Any checks issued by the Claims Administrator to

Participating Settlement Class Members shall be negotiable for 120 days.  Those funds

represented by Settlement checks returned as undeliverable and those Settlement checks

remaining un-cashed for more than 120 days after issuance (collectively, "Voided Settlement

Checks") shall revert to an unclaimed settlement fund ("Unclaimed Settlement Fund").  The

Settlement Administrator shall distribute the Unclaimed Settlement Fund, in the form of

"Redistribution Checks," on a pro rata basis to Settlement Class Members who cashed their

settlement checks, in proportion to the amount of their original settlement distribution (but only

for Settlement Class Members for whom a residual payment would be at least $50; should any

Settlement Class Member's redistribution amount be less than $50, that Settlement Class

Member shall not receive a Redistribution Check, and that redistribution payment will remain in

12

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

the Unclaimed Settlement Fund for distribution to Settlement Class Members who have

redistribution amounts over $50). These Redistribution Checks shall be allocated the same way

the original checks are allocated and subject to the tax treatment set forth in Paragraph 39. If any

Redistribution Checks are uncashed after 120 days of issuance, the Settlement Administrator will

issue a stop payment order on all uncashed or returned Redistribution Checks. For any checks

over $100 that are uncashed from either the first distribution or the Redistribution Checks, the

Claims Administrator shall send a reminder to Settlement Class Members to cash their checks (or

request reissues if necessary) 30 days prior to the expiration date of the checks. The Claims

Administrator shall reissue checks to Settlement Class Members as requested and necessary.

The funds from uncashed Redistribution Checks shall be distributed to a *cy pres* fund. The *cy*

*pres* fund shall be donated to Working Wardrobes no later than 140 days after the issuance of the

Redistributed Checks.

Tax Treatments, Liabilities and Disclaimers

39.  Tax Treatment of Individual Settlement Payments.  All Individual Settlement

Payments will be allocated as follows: two-thirds (2/3) to interest and penalties, and one-third

(1/3) to wages, unless otherwise indicated above. The portion allocated to wages shall be

reported on an IRS Form W-2 and the portion allocated to interest and penalties shall be reported

on an IRS Form-1099 issued by the Claims Administrator. The Claims Administrator shall

deduct the standard employee's share of payroll taxes for the portion of the Individual Settlement

Payments allocated to wages from the Individual Settlement Payments and remit such payroll

taxes to the taxing authorities.

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

40.     <u>Tax Treatment of Class Representative Enhancement Payments and Class Counsel Award</u>. For the Class Representative Enhancement Payment and Class Counsel's Award, the Claims Administrator will issue Forms 1099.

41.     <u>Defendants' Portion of Payroll Taxes</u>. Defendants' contributions of all federal, state, and local taxes (including, but not limited to, FICA, FUTA, and SDI) will not be deducted from the Gross Fund Value and shall be paid separately by Defendants. The Claims Administrator shall be responsible for calculating the amount of the employer's payroll taxes.

42.     <u>Tax Liability (Defendants and Class Counsel Disclaimers); Circular 230 Disclaimer</u>. Defendants and Class Counsel make no representations as to the tax treatment or legal effect of the payments called for hereunder, and Participating Settlement Class Members are not relying on any statement or representation by Defendants or Class Counsel in this regard. Each party to this Settlement Agreement acknowledges and agrees that (1) no provision of this Settlement Agreement, and no written communication or disclosure between or among the Parties or their attorneys and other advisors, is or was intended to be, nor shall any such communication or disclosure constitute, or be construed or be relied upon as, tax advice within the meaning of United States Treasury Department Circular 230 (31 CFR part 10, as amended); (2) each party (a) has relied exclusively upon his, her or its own, independent legal and tax counsel for advice (including tax advice) in connection with this Settlement Agreement, (b) has not entered into this Settlement Agreement based upon the recommendation of any other party or any attorney or advisor to any other party, and (c) is not entitled to rely upon any communication or disclosure by any attorney or advisor to any other party to avoid any tax penalty that may be imposed on him, her or it; and (3) no attorney or advisor to any party has imposed any limitation that protects the confidentiality of any such attorneys' or advisor's tax strategies (regardless of

14

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

whether such limitation is legally binding) upon disclosure by another party of the tax treatment or tax structure of any transaction, including any transaction contemplated by this Settlement Agreement. Other than as stated above, participating Settlement Class Members will be solely responsible for the payment of any income taxes and penalties assessed on the payments described herein and will hold Defendants and Class Counsel free and harmless from any claims concerning the tax liability associated with any payments made to Participating Settlement Class Members pursuant to this Settlement Agreement.

Notice & Administrative Execution Procedures

43.    Class Information.  Within fifteen (15) business days after Preliminary Approval, Defendants shall provide the Class Information to the Claims Administrator in conformity with the definition, substance, and format as previously indicated. The Claims Administrator shall not share the information regarding the identities of Settlement Class Members or their contact information with Plaintiff or Class Counsel or any other person acting on their behalf and shall use the information for purposes of administering the Settlement and for no other purpose.

44.    Notice by First-Class U.S. Mail.  Within ten (10) business days after receiving the Class Information from Defendants as provided herein, the Claims Administrator shall send a Notice to all Settlement Class Members via regular First-Class U.S. Mail, using the most current, known mailing addresses identified in the Class Information or the National Change of Address Database.

45.    Confirmation of Contact Information in the Class Information.  Prior to mailing, the Claims Administrator shall perform a search based on the National Change of Address Database for information to update and correct for any known or identifiable address changes. Any Notices returned to the Claims Administrator as non-deliverable on or before the Response

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Deadline shall be sent promptly via regular First-Class U.S. Mail to the forwarding address affixed thereto and the Claims Administrator shall indicate the date of such re-mailing on the Notice.  If no forwarding address is provided, the Settlement Administrator shall promptly attempt to determine the correct address using a single skip-trace or other search using the name, address and/or Social Security number of the Settlement Class Member involved, and shall then perform a single re-mailing.  If the skip-trace search is performed, and if after performing a skip-trace search, the Notice is still returned to the Claims Administrator as non-deliverable, that individual will be deemed a Settlement Class Member for purposes of the Released Claims described herein, without any further effort of the Claims Administrator required.  Settlement Class Members shall be permitted no more than forty-five (45) days after the day of the initial mailing to opt out of the Class, however, Plaintiff agrees not to opt out of the Class.

46.    Notice.  All Settlement Class Members will receive a Notice.  The Notice will contain the following: (1) information regarding the nature of the Action, (2) a summary of the substance of the Settlement, (3) the Class definition, (4) the formula for calculating Individual Settlement Payments and the estimated Individual Settlement Payment, (5) the deadlines by which the Settlement Class Member must postmark a Request for Exclusion, file an objection to the Settlement with the Claims Administrator, or postmark disputes regarding the Individual Settlement Payments for the Settlement Class Member, and (6) a description of the claims to be released by all Settlement Class Members who do not submit timely and valid Requests for Exclusion.

47.    Disputed Information on Notice.  The Notice will contain the number of hours the Settlement Class Member worked during the Settlement Period, the amount of service charges the Settlement Class Member received during the Settlement Period, and the amount of his/her

16

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

estimated Individual Settlement Payment.  If a Settlement Class Member disputes the

information in the Notice, the Settlement Class Member should produce evidence to the Claims

Administrator substantiating factual information different from that appearing on the Notice.  To

the extent any Settlement Class Member disputes the information on his or her Notice prior to

the Response Deadline, the Settlement Class Member may produce evidence to the Claims

Administrator showing the correct employment dates, service charges earned during the

Settlement Period, hours worked during the Settlement Period, or other data that he or she

contends should be shown in the Notice.  Defendants' records will be presumed determinative,

absent evidence to rebut those records, but the Claims Administrator shall evaluate the evidence

submitted by the Settlement Class Member and make the final decisions as to which dates and

data should be applied, after consulting with counsel for both Parties.  Defendants agree to

diligently and in good faith resolve any Settlement Class Member dispute regarding the

information in the Notice.  Settlement Class Members who fail to provide information in support

of any dispute by the Response Deadline shall be foreclosed from contesting Defendants' data.

48.     No Requirement for a Claim Form.  Settlement Class Members shall not be

required to submit a Claim Form to receive an Individual Settlement Payment.

49.     Request for Exclusion Procedures.  Any Settlement Class Member wishing to opt-

out from the Settlement Agreement must submit a Request for Exclusion to the Claims

Administrator not later than the Response Deadline.  The Notice shall also provide instructions

to the Settlement Class Members who wish to exclude themselves from the Class.  The date of

the postmark on the return mailing envelope shall be the exclusive means to determine whether a

Request for Exclusion has been timely submitted.  Settlement Class Members who submit

Requests for Exclusion shall not be entitled to file objections to the Settlement and any

17

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

objections filed by a Settlement Class Member who has excluded him or herself from the Settlement shall be disregarded by the Court. Settlement Class Members who do not submit valid Requests for Exclusion shall be bound by all terms of the Settlement Agreement, including without limitation, the Release of Claims, and any Final Judgment entered by the Court if the Settlement is granted final approval by it. The Parties agree not to encourage or discourage any Settlement Class Members to exclude themselves or opt-out of the Settlement Agreement.

50.    Objection Procedures. To object to the Settlement Agreement, a Settlement Class Member must submit his or her objection to the Claims Administrator by no later than the Response Deadline. The postmark date of the filing and service of the objection shall be deemed the exclusive means for determining if the objection is timely. The objection must be signed by the Settlement Class Member and provide the Settlement Class Member's name, most current address, most current telephone number, the basis for each objection, the Settlement Class Member's dates of employment with Defendants in Spa Gaucin, and last four digits of Class Member's social security number. The Notice shall provide these instructions about how to object to the Settlement. Settlement Class Members who fail to make written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any future objection (whether by appeal or otherwise) to the Settlement Agreement. Settlement Class Members who submit and serve a timely objection in compliance with the foregoing provision shall have a right to appear at the Final Approval Hearing. Plaintiff and/or Defendants may file oppositions to any properly filed objections no later than fourteen (14) days prior to the date of the Final Approval Hearing. Settlement Class Members who have mailed timely and valid Requests for Exclusion shall not have the right to object to the Settlement and

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

any such objections shall not be considered by the Court. The Parties agree not to encourage or discourage any Class Members to object to the Settlement Agreement.

51. <u>Certification of Requests for Exclusion and Objections</u>. All Requests for Exclusion and Objections will be submitted to the Claims Administrator, who shall then certify jointly to Class Counsel, Defendants' Counsel, and the Court the total number of Settlement Class Members who have submitted Requests for Exclusion and Objections and provide copies of same to Class Counsel. The Claims Administrator will also provide Defendants' counsel a list identifying the names of the Settlement Class Members who have submitted Requests for Exclusion.

52. <u>Notification Reports Regarding Requests for Exclusion and Objections</u>. The Claims Administrator shall provide Defendants' Counsel and Class Counsel a weekly report showing, at a minimum: (i) the number of Settlement Class Members who have submitted timely, valid Requests for Exclusion and/or Objections; (ii) whether any Settlement Class Member has submitted a challenge to the employment dates identified in their Notice, or any other information contained in the Notice; and (iii) statistics showing which disputes that have been resolved and which have not been resolved. Additionally, the Claims Administrator will provide to counsel for both Parties any updated reports as needed or requested.

53. <u>Resolution of Disputes Concerning Individual Settlement Payments</u>. Should any questions arise regarding the determination of eligibility for the amounts of any Individual Settlement Payments under the terms of this Settlement Agreement (except for disputed claims to be resolved by the Claims Administrator as set forth herein) counsel for the Parties shall meet and confer in an attempt to reach an agreement. If Class Counsel and Defendants' Counsel

19

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

cannot agree, the Claims Administrator shall then make the final determination, and that determination shall be conclusive, final and binding.

54.     <u>Additional Administrative Duties of the Claims Administrator</u>.  The Claims Administrator shall report Individual Settlement Payments to all required taxing and other authorities, withhold the standard employee's share of payroll taxes from the wage portion of each Individual Settlement Payments, calculate all employer share of payroll taxes (which shall not be deducted from the Gross Fund Value), transmit these amounts to the taxing authorities, and issue IRS Forms W-2 and 1099.  The Claims Administrator shall further establish a "Qualified Settlement Fund" pursuant to IRS regulations.  The Claims Administrator shall further furnish its own Employer ID Number and calculate all settlement checks and payroll deductions based on information that will be confidentially furnished by Defendants.  Upon completion of administration of the Settlement, the Claims Administrator shall provide written certification of such completion to the Court and counsel for all Parties.

55.     <u>Minimization of Administrative Costs</u>.  The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in administration of the Settlement Agreement.

Release of Claims

56.     <u>General Release of Claims by Plaintiff</u>.  Upon the Effective Date and in consideration of the payment to Plaintiff of the Class Representative Enhancement Payment, Plaintiff and all persons purporting to act on her behalf or purporting to assert a claim under or through her, including, but not limited to, her dependents, heirs and assigns, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, personal representatives, and successors-in-interest, whether individual, class, representative, legal,

20

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

equitable, direct or indirect, or any other type or in any other capacity, and each of them, hereby

release, acquit, and forever discharge Released Parties, and each and all of them, of and from any

and all obligations, debts, claims, liabilities, demands, and causes of action of every kind, nature

and description whatsoever, whether or not now known, suspected or claimed, which they ever

had, now have, or may hereafter acquire by reason of employment with Defendants, accruing

from the beginning of time until the date that the final approval of the Settlement is granted,

including all claims, known or unknown. The foregoing release shall be effective as a bar to any

and all claims of any character, nature or kind, known or unknown, suspected or unsuspected

specified herein. Plaintiff expressly waives any and all rights and benefits conferred upon her by

the provisions of Section 1542 of the California Civil Code or similar provisions of applicable

law which are as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

Plaintiff agrees that she will not submit a Request for Exclusion from the Settlement. Plaintiff

agrees that her employment with Defendants has irrevocably terminated and she will not apply

for or seek reemployment with Defendants or the Released Parties.

However, this General Release of Claims by Plaintiff expressly excludes any pending

claims for workers' compensation benefits.

57.     Release of Released Claims by Class Representative (in her representative

capacity) and by Settlement Class Members.  The Releasing Parties hereby forever completely

and irrevocably release and discharge the Released Parties from the Released Claims.  With

respect to the Released Claims only, as defined herein, the Class Representative and the

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Releasing Parties acknowledge that they each may have claims that are presently unknown and that the release contained in this Settlement is intended to and will fully, finally, and forever discharge all Released Claims, whether now asserted or un-asserted, known or unknown, suspected or unsuspected, which now exist, or heretofore existed or may hereafter exist, which if known, might have affected their decision to enter into this release. All Releasing Parties shall be deemed to waive, as to the Released Claims only, any and all provisions, rights, and benefits conferred by any law of the State of California, any law of the United States, any other state or territory of the United States, any other country, or any state or territory of any other country, or principle of common law or equity, which governs or limits a person's release of unknown claims. In making this waiver, the Class Representative, the Participating Settlement Class Members, and all other Releasing Parties understand and acknowledge that they may discover facts in addition to or different from those that are currently known or believed to be true with respect to the Released Claims, but agree that it is their intention to fully, finally, and forever settle and release any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts. The foregoing waiver includes, without limitation, an express waiver, as to the Released Claims only, to the fullest extent permitted by law, of any and all rights under California Civil Code section 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM
> OR HER MUST HAVE MATERIALLY AFFECTED HIS OR
> HER SETTLEMENT WITH THE DEBTOR.

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Upon the Effective Date, all Settlement Class Members who have not filed timely, valid

Requests for Exclusion shall release, waive and forfeit, and shall have been deemed to have

waived and forfeited, all Released Claims against the Released Parties, and each of them.

58.    Labor Code § 206.5 Inapplicable.  It is acknowledged that this Settlement is made

with respect to disputed claims and each Settlement Class Member who has not opted out will be

deemed to have acknowledged and agreed that California Labor Code § 206.5 is not applicable.

That section provides:

> No employer shall require the execution of any release of any
> claim or right on account of wages due, or to become due, or made
> as an advance on wages to be earned, unless payment of such
> wages has been made.  Any release required or executed in
> violation of this provision of this section shall be null and void as
> between the employer and the employee and the violation of the
> provisions of this section shall be a misdemeanor.

### Revocation or Nullification of Settlement Agreement

59.    Revocation of Settlement Agreement:  If more than five percent (5%) of

Settlement Class Members submit timely and valid Requests for Exclusion, Defendants will have

the right, but not the obligation, to void the Settlement and the Parties will have no further

obligations under the Settlement, including any obligation by Defendants to pay the Gross Fund

Value, or any amounts that otherwise would have been owed under this Settlement Agreement,

except that Defendants will pay the Claims Administrator's reasonable fees and expenses

incurred as of the date that Defendants exercise their right to void the Settlement.  Defendants

will notify Class Counsel and the Court whether they are exercising their right to void the

Settlement not later than seven (7) business days after the Claims Administrator notifies the

Parties of the final number of timely and valid Requests for Exclusion it has received.

60.    Nullification of Settlement Agreement.  In the event:  (i) the Court does not enter

an order of Preliminary Approval of the Settlement; or (ii) the Court does not enter an Order of

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Final Approval of the Settlement; or (iii)  the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void.  In such a case, the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, except that any fees already incurred by the Claims Administrator up to the date that Defendants receive notice by the Court of any of the events (i) through (iii) shall be paid equally by Plaintiff and Defendants and shall not be reimbursable.

Preliminary & Final Approval Hearings

61.    <u>Preliminary Approval Hearing</u>.  Plaintiff shall request a hearing before the Court to request Preliminary Approval of the Settlement Agreement.  At the Preliminary Approval hearing, the Parties shall request the entry of a Preliminary Approval Order that: (i) conditionally certifies the Class for settlement purposes only, (ii) preliminarily approves the proposed Settlement Agreement, (iii) approves the Notice, and (iv) sets a date for a Final Approval/Settlement Fairness Hearing.  The Preliminary Approval Order shall provide for the Notice to be sent to all Settlement Class Members as specified herein.  In conjunction with the Preliminary Approval hearing, Class Counsel or Defendants' Counsel shall submit this Settlement Agreement and all exhibits for approval by the Court, and prepare, file and serve a motion for Preliminary Approval of same.

62.    <u>Final Settlement Approval Hearing and Entry of Final Judgment and Notice to the Class</u>.  At least fifteen (15) calendar days after the Response Deadline, and with the Court's permission, a Final Approval/Settlement Fairness Hearing shall be conducted to determine final approval of the Settlement Agreement along with the amounts properly payable for (i) the Class Counsel Award (the amount of attorneys' fees and costs awarded to Class Counsel), (ii) the Class Representative Enhancement Payments, and (iii) the Claims Administration Costs.  Class

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

Counsel shall be responsible for preparing, filing and serving a Motion for Final Approval of the
Settlement and a Motion for Approval of Attorneys' Fees and Costs, Class Representative
Enhancement Payments, and various payments provided therein.  Class Counsel shall provide a
copy of the Motion for Final Approval of the Settlement to Defendants' Counsel for comments at
least fourteen (14) business days prior to submitting the Motion to the Court.

63.     <u>Preliminary and Permanent Injunction</u>.  Except as to Settlement Class Members
who timely submit valid Requests for Exclusion, the Preliminary Approval Order and Final
Judgment will contain provisions enjoining Plaintiff and the Participating Settlement Class
Members from prosecuting the claims released herein and enjoining Plaintiff and the
Participating Settlement Class Members from initiating or continuing other proceedings
regarding the Released Claims, including, but not limited to, filing any claims before the
Division of Labor Standards and Enforcement ("DLSE") or in any forum whatsoever.

64.     <u>Interim Stay of Proceedings</u>.  The Parties agree to stay initial disclosures and
formal discovery from now until the entry of Final Approval and agree to enter into a stipulation
in which they notify the Court of this Settlement and request that the case be stayed through the
date of Final Approval.

<u>Final Judgment Ratifying the Settlement Agreement</u>

65.     <u>Final Judgment and Continued Jurisdiction</u>.  Upon final approval of the
Settlement by the Court, or after the Final Approval/Settlement Fairness Hearing, the Parties
shall present the Final Judgment to the Court for its approval.  After entry of the Final Judgment,
the Court shall have continuing jurisdiction solely for purposes of addressing: (i) the
interpretation and enforcement of the terms of the Settlement, (ii) settlement administration
matters, and (iii) such post-Final Judgment matters as may be appropriate under Court rules or as

25

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

set forth in this Settlement Agreement.  Plaintiffs agree to provide Defendants with their Motion for Final Approval and the proposed Final Judgment for comments at least fourteen (14) calendar days before filing/lodging them with the Court.  Plaintiffs agree to work with Defendants to submit a mutually agreeable Final Judgment.

<u>Dispute Resolution Concerning the Terms of this Settlement Agreement</u>

66.     <u>Dispute Resolution Involving Settlement Agreement</u>.  The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents, and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement.  The Parties to this Settlement Agreement shall use their best efforts, including all efforts contemplated by this Settlement Agreement, to effectuate this Settlement Agreement and the terms set forth herein.  In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of the Settlement, the Parties agree to seek the assistance of the Court.

<u>General & Miscellaneous Provisions</u>

67.     <u>Exhibits Incorporated by Reference</u>.  The terms of this Settlement Agreement include the terms set forth in any attached Exhibits, which are incorporated by this reference as though fully set forth herein.  Any Exhibit to this Settlement Agreement is an integral part of the Settlement.

68.     <u>Avoidance of Undue Publicity</u>. Any media or Internet publicity regarding this Settlement shall be jointly authorized by Defendants and Class Counsel.  The terms of this Settlement shall be kept confidential until the date Preliminary Approval is granted.  If contacted, Class Counsel can speak with Settlement Class Members and encourage them to send in any

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

corrections of addresses, any contest regarding service charges during the Settlement Period, and hours worked during the Settlement Period, and to answer questions.

69.     Entire Agreement.  This Settlement Agreement, and any attached Exhibit constitute the entirety of the Parties' settlement terms.  No other prior or contemporaneous written or oral agreements may be deemed binding on the Parties.

70.     Amendment or Modification.  This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors-in-interest and must be approved by this Court.

71.     Authorization to Enter Into Settlement Agreement.  Counsel for all Parties warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement in order to effectuate its terms, and to execute any other documents that may be required to do the same.  The Parties and their counsel will cooperate with each other and use their best efforts to effect the implementation of the Settlement.  If the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions which may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

72.     Binding on Successors and Assigns.  This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

73.     California Law Governs.  All terms of this Settlement Agreement and Exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

27

74.     Counterparts.  This Settlement Agreement may be executed in one or more

counterparts.  All executed counterparts and each of them shall be deemed to be one and the

same instrument provided that counsel for the Parties shall exchange among themselves original

signed counterparts.

75.     Jurisdiction of the Court.  The Court shall retain jurisdiction with respect to the

interpretation, implementation and enforcement of the terms of this Settlement Agreement, and

all related orders and judgments.  The Parties and their counsel likewise submit to the Court's

jurisdiction for purposes of interpreting, implementing, and enforcing the terms embodied in this

Settlement Agreement and all related orders and judgments.

76.     Invalidity of Any Provision.  Before declaring any provision of this Settlement

Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest

extent possible consistent with applicable precedents so as to define all provisions of this

Settlement Agreement valid and enforceable.

77.     Waiver of Certain Appeals.  The Parties agree to waive appeals and to stipulate to

class certification for purposes of this Settlement only; except for appeals related to an award of

attorneys' fees or costs and any Court order that materially alters the Settlement Agreement's

terms which costs will be borne solely by the appealing party.

78.     Class Certification for Settlement Purposes Only.  The Parties agree to stipulate to

class certification only for purposes of the Settlement.  If, for any reason, the Settlement is not

approved, the stipulation to certification will be void.  The Parties further agree that certification

for purposes of the Settlement is not an admission that class certification is proper under the

standard applied to contested certification motions and that this Settlement will not be admissible

28

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

in this or any other proceeding as evidence that (i) a class should be certified or (ii) Defendants are liable to Plaintiff or the Settlement Class Members.

79.     No Admission of Liability.  The Parties to the Action understand that the terms of the Settlement Agreement do not in any way imply an admission of liability on the part of Defendants, and that it is being agreed to as an efficient method and compromise in order to resolve disputed claims.  This Settlement Agreement may not be used in any proceeding and for any purpose whatsoever as an admission of liability on behalf of Defendants.

80.     Joint Participation.  The terms and conditions of this Settlement Agreement are the result of lengthy, intensive arms-length negotiations between the Parties, and this Settlement Agreement shall not be construed in favor of or against any party by reason of the extent to which any party or his, her, or its counsel participated in its drafting.

81.     Advice of Counsel. This Settlement Agreement reflects the Parties' good-faith compromise of the claims raised in this Action, based upon their assessment of the mutual risks and costs of further litigation and the assessments of their respective counsel.

82.     All Terms Subject to Final Court Approval.  All amounts and procedures described in this Settlement Agreement herein shall be subject to final Court approval.

83.     Execution of Necessary Documents.  All Parties shall execute all documents reasonably necessary to effectuate the terms of this Settlement Agreement.

/ / /

/ / /

/ / /

/ / /

/ / /

29

DocuSign Envelope ID: E4B6D5D4-05F8-4F4E-875F-0D55A709C0F2

84.     <u>Binding Agreement</u>.  The Parties intend that this Settlement shall be fully enforceable and binding on all parties, and that it shall be admissible and subject to disclosure in any proceeding to enforce its terms, notwithstanding any mediation confidentiality provisions that otherwise might apply under federal or state law.

**SIGNATURES**

**READ CAREFULLY BEFORE SIGNING**

PLAINTIFF

01/08/19  |  3:40 PST

_____
DATE                                  Plaintiff Emma Hart


DEFENDANTS

_____
DATE                                  Jamie Balanoff
                                              On behalf of Defendants
                                              Starwood Hotels & Resorts Worldwide, LLC and
                                              Sheraton Operating Corporation


FRONTIER LAW CENTER

_____Jan. 8, 2019_____
DATE                                  Adam Rose
                                              Robert Starr
                                              Counsel for Plaintiff Emma Hart


30

LICHTEN & LISS-RIORDAN

1/8/19

DATE

Shannon Liss-Riordan
Counsel for Plaintiff Emma Hart

HIRSCHFELD KRAEMER LLP

1/8/19

DATE

Kirstin E. Muller
Alison M. Hamer
Counsel for Defendants

31